UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LORRIE GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV- 1280-JAR |
| | ) | |
| LIFE SKILLS FOUNDATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Life Skills Foundation's Motion for Leave to file an Amended Answer [ECF No. 18] and Defendant Cherie Montgomery's Motion for Leave to file an Amended Answer [ECF No. 20] filed January 29, 2013. Plaintiff has not filed a response to these motions. Also before the Court is a Consent Motion to Modify the Amended Case Management Order requesting the Court extend the discovery deadline until March 15, 2013, and the dispositive motion deadline to April 19, 2013. [ECF No. 26] Upon consideration, the motions will be granted.

**Background**

Plaintiff Lorrie Glover filed her Amended Petition for Damages on June 20, 2012 in the Circuit Court of St. Louis County alleging race discrimination and retaliation pursuant to Title I of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981, et seq., as well as intentional infliction of emotional distress. (Doc. No. 1-1) Defendants Life Skills and Cherie Montgomery removed the case to this Court on July 19, 2012. (Doc. No. 1) Pursuant to this Court's Amended Case Management Order (Doc. No. 14), all motions for "amendment to pleadings shall be filed no

1

later than October 26, 2012." The Order specifies that it "will be modified only upon a showing of exceptional circumstances." Id.

In support of their motions for leave to file an amended answer, Defendants state they recently learned during discovery that Plaintiff filed for bankruptcy on March 31, 2012. (Memoranda in Support of Motions for Leave, Doc. Nos. 19, 21, p. 1) After conducting an investigation into Plaintiff's bankruptcy filings, Defendants have concluded that these newly discovered facts allow them to assert the affirmative defense of judicial estoppel because Plaintiff apparently did not list this lawsuit as an asset in her bankruptcy proceedings. See Stallings v. Hussman Corp., 447 F.3d 1041, 1047 (8th Cir. 2006) ("In the bankruptcy context, a party may be judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements"). (Id.)

**Discussion**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading "with the opposing party's written consent or the court's leave." Rule 15(a)(2) further provides that a "court should freely give leave when justice so requires." However, "[w]hen a party moves for leave to amend outside the district court's scheduling order, Fed. R. Civ. P. 16(b), not the more liberal standard of [Fed. R. Civ. P. 15(a)], governs and requires the party to show good cause to modify the schedule." Morrison Enters., LLC v. Dravo Corp., 638 F.3d 594, 610 (8th Cir. 2011) (internal citation omitted). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Id. (quoting Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008)). Once the movant has established its diligence, the Court may also consider the potential "prejudice to the nonmovant resulting from

modification of the scheduling order." Sherman, 532 F.3d at 717.

The Court finds good cause exists to modify its scheduling order to allow Defendants to amend their answer in that Defendants only recently discovered facts to support a judicial estoppel defense. The Court further finds that Plaintiff will not be prejudiced from modification of the scheduling order, particularly in light of the Court's ruling on the parties' consent motion to modify the amended case management order to extend the deadlines for discovery and dispositive motions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Life Skills Foundation's Motion for Leave to file an Amended Answer [18] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Cherie Montgomery's Motion for Leave to file an Amended Answer [20] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and docket Defendants' Amended Answers to Plaintiff's First Amended Complaint, which were submitted as attachments to their motions for leave.

**IT IS FURTHER ORDERED** that the parties' Consent Motion to Modify the Amended Case Management Order [26] is **GRANTED**. The parties shall complete all discovery no later than **March 15, 2013.** Any dispositive motions, or if applicable, any motion to exclude expert testimony, must be filed no later than **April 19, 2013**. Any response shall be filed no later than **May 20, 2013**. Any reply shall be filed no later than **May 30, 2013**.

Dated this 21st day of February, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE